Karen Suzanne Greene v. James Glenn Greene

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-134-CV

KAREN SUZANNE GREENE APPELLANT

V.

JAMES GLENN GREENE APPELLEE

------------

FROM COUNTY COURT AT LAW OF PARKER COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Karen Suzanne Greene (“Suzanne”) appeals from the property division ordered in her divorce from Appellee James Glenn Greene.  Suzanne did not appear at trial, but her attorney did.  He orally moved for a continuance on her behalf, stating that she had told him the preceding day that she was visiting with James and would be at the trial.  The trial court denied the continuance.  Before the close of evidence, Suzanne’s lawyer stated on the record that he had done very little discovery based on Suzanne’s instructions to avoid the added expenses.  After the trial court signed the decree, Suzanne moved for new trial, contending that her absence from the trial was based on her trust in James and her reliance on alleged fraudulent misrepresentations that he had made regarding the property division.

At the hearing on the motion for new trial, Suzanne testified that she did not appear because James told her that she would be taken care of, that she would retain her part of the community business, and that he would support her.  She also claimed that he led her to believe that her testimony could jeopardize the business.  She testified that she relied on his representations. She testified that he made these representations on the evening before trial at her home.  She further testified that for thirty days after the trial, he continued to financially support her and communicate with her, leading her to believe in the possibility of reconciliation.  The phone calls and the support stopped by March 7, about five weeks after the judgment was signed.  Suzanne also testified that James had told her that he would pay off the house and the truck.  James also testified, denying all of Suzanne’s allegations.  The trial court took judicial notice of the file.

Our review of the clerk’s record shows that during the pendency of the divorce, Suzanne sought and received two temporary restraining orders (“TROs”) protecting the community property.  She also applied for a protective order.  Her attached affidavit to the application for the protective order provides, “I fear that unless restrained, that [James] will sell and dispose of assets of the company, as well as personal assets, which are community in nature, including the equipment at the concrete plant, trucks, mixers, loaders, and all related equipment, and funds on deposit in banks and other financial institutions.”

After noting on the record that Suzanne made a postanswer conscious affirmative choice not to appear in court, the trial court denied Suzanne’s motion for new trial.  Suzanne appeals from the denial of the motion for continuance and the motion for new trial.  Because we hold that the trial court did not abuse its discretion in denying the motions, we affirm the trial court’s judgment.

Due to its potential dispositive effect on this appeal, we first address an argument raised by James.  In his brief, James contends that Suzanne’s motion for new trial was not timely filed and is a nullity.  If the motion for new trial was untimely, then so was the notice of appeal in this case.
(footnote: 2)  If the notice of appeal was untimely, then we do not have jurisdiction over this appeal.
(footnote: 3) The judgment was signed on January 31, 2003.  An unsigned motion for new trial, verified by Suzanne, was timely submitted on February 27, 2003.
(footnote: 4) The attorney filed a corrected signature page on March 24, 2003, more than thirty days after the judgment was signed.  The order denying the motion for new trial was signed on April 28, 2003, less than 105 days after the judgment was signed.
(footnote: 5)  The absence of the attorney’s signature did not make the original motion a nullity.
(footnote: 6)  Instead, the motion was a conditional motion until the signature was filed, and the filing of the conditional motion triggered the appellate timetables.
(footnote: 7)  Consequently, the signature was filed and the hearing

was held within the trial court’s plenary power.  We therefore conclude that Suzanne’s motion for new trial was timely and we do have jurisdiction over this appeal.

In her first issue, Suzanne contends that the trial court abused its discretion by denying her oral motion for continuance.  If a motion for continuance is not made in writing and verified, it will generally be presumed that the trial court did not abuse its discretion in denying the motion.
(footnote: 8)  We overrule Suzanne’s first issue.

In Suzanne’s second, third, fourth, and sixth issues, she complains that the trial court abused its discretion in denying her motion for new trial based upon James’s alleged fraud.  As this court has previously held,

A party moving for a new trial has the burden of establishing by convincing evidence the existence of newly discovered evidence by showing the following elements:

1.  Admissible, competent evidence must be introduced on the hearing of the motion for new trial showing the existence of the newly discovered evidence relied upon.

2.  The moving party must show he or she had no notice of the existence of such evidence prior to the time of trial.

3.  The moving party must show that due diligence had been used to procure the evidence prior to trial.

4.  The moving party must show that the evidence is not merely cumulative to that already given and does not tend only to impeach the testimony of the adversary.

5.  The moving party must show that the evidence would probably produce a different result if a new trial were granted.
(footnote: 9)

Suzanne points out that no case has addressed standards for granting a motion for new trial based on extrinsic fraud of a party.  Accordingly, we apply the traditional newly-discovered-evidence standard recited above.  At the hearing on the motion for new trial, Suzanne did not establish that the property division, already in her favor, would have been any different had a new trial been granted.  Suzanne has not satisfied the fifth prong of the newly-discovered-evidence test.  Based on the above, we cannot say that the trial court abused its discretion.  We overrule Suzanne’s second, third, fourth, and sixth issues.

In her fifth issue, Suzanne requests that we create a new standard for motions for new trial based on allegations of extrinsic fraud.  We decline to create law, leaving that instead to the supreme court or the legislature.  We overrule Suzanne’s fifth issue.

Having overruled all of Suzanne’s issues, we affirm the trial court’s judgment.

LEE ANN DAUPHINOT

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and WALKER, JJ.

DELIVERED:  June 24, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See 
Tex. R. Civ. 
P. 329b(a) (providing that motion for new trial shall be filed within thirty days after judgment is signed); 
Tex. R. App. P. 
26.1 (providing general rule that notice of appeal must be filed within thirty days after judgment is signed).

3:
See 
Tex. R. App. P. 
2 (recognizing that appellate courts have no authority to alter the time for perfecting an appeal in civil cases); 
Verburgt v. Dorner
, 959 S.W.2d 615, 616 (Tex. 1997).

4:
See
 
Tex. R. Civ. P.
 320, 329b(a).

5:
See 
Tex. R. Civ. P.
 329b(c), (e).

6:
See W.C. Turnbow Petroleum Corp. v. Fulton
, 145 Tex. 56, 194 S.W.2d 256, 257 (Tex. 1946)
 
(holding that absence of attorneys’ signatures from amended motion for new trial did not make the motion a nullity and recognizing that “the signature to a pleading is a formal requisite and that failure to comply with the requirement is not fatal to the pleading”).

7:
See
 
Garza v. Garcia
, 47 Tex. Sup. Ct. J. 570 (Tex. May 14, 2004) (holding conditional motion triggers appellate deadlines, invoking appellate jurisdiction, even if required filing fee is never paid); 
Tate v. E.I. DuPont de Nemours & Co., Inc.
, 
934 S.W.2d 83, 84 (1996)
 (holding motion for new trial was conditionally filed when presented to trial clerk without filing fee, triggering appellate deadlines and invoking appellate jurisdiction).

8:
Villegas v. Carter
, 711 S.W.2d 624, 626 (Tex. 1986); 
S.W. Country Enters.
,
 Inc. v. Lucky Lady Oil Co.
, 991 S.W.2d 490, 493 (Tex. App.—Fort Worth 1999, pet. denied).

9:
Dankowski v. Dankowski
, 922 S.W.2d 298, 305 (Tex. App.—Fort Worth 1996, writ denied)
.